## THE STATE v. BURGSON.

1. **Criminal Law**: INDICTMENT: INFORMAL VERDICT.   Where, in the caption and indorsement of the indictment, and in the instructions of the court, the crime with which the defendant was charged was designated as forgery, and the jury found him guilty of " forgery as charged in the indictment," but the indictment, in fact, charged him with uttering and publishing as genuine a forged promissory note, and all the evidence was directed to such crime, it was held that the improper designation of the offense was not prejudicial and did not render the verdict invalid.

*Appeal from Lee District Court.*

THURSDAY, APRIL 8.

THE defendant was indicted for uttering and publishing as true a certain false and forged promissory note.    He was

tried, convicted, and sentenced to the penitentiary, and appeals from the judgment against him.

*John Gibbons*, for the appellant.

*J. F. McJunkin, Attorney General*, for the State.

ROTHROCK, J.—I. The indictment charges that " C. G. Burgson did unlawfully, willfully and feloniously, with intent

1. CRIMINAL law : indictment : informal verdict.

to defraud, have in his possession a certain false and forged writing obligatory, to-wit: A promissory note, the said C. G. Burgson then and there knowing the same to be false and forged, which said promissory note is in the words and figures following, to-wit:

" $65.00. KEOKUK, June 26th, 1879.

" Sixty days after date I promise to pay to the order of Charles P. Johnson, sixty-five dollars, with interest thereon at the rate of ten per cent per annum from date, payable annually. (Signed), JOHN J. BROWN."

The said promissory note purporting to be the act of the said John J. Brown, and purporting to create a pecuniary obligation against said John J. Brown, and the said C. G. Burgson did then and there willfully and feloniously, and with intent to defraud, utter and publish the said false and forged promissory note as true."

It is contended that a motion in arrest of judgment should have been sustained because the indictment is fatally defective in not charging that the defendant knew when he uttered and published the note that it was false and forged. But it is distinctly charged that the defendant knew the note " to be false and forged," and this averment relates to the time when he uttered and published it. It would have been vain repetition to have repeated the allegation of the *scienter* or guilty knowledge at the close of the indictment.

II. The indictment in its caption, and in the indorsement thereon, designated the crime as "forgery." The court, in its

instructions to the jury, in stating the crime designated it in the same way, and gave the form of the verdict, if the defendant should be found guilty, as follows: "We, the jury, find the defendant guilty of the crime of forgery, as charged in the indictment." The jury followed the form thus given and returned their verdict accordingly.

It is urged that the defendant was, by this verdict, convicted of forgery, a crime not charged in the indictment. The caption and indorsement were no part of the indictment, and it cannot be claimed that any prejudice resulted to the defendant by an erroneous designation of the crime therein. Was the defendant prejudiced by the instruction and verdict? We are clearly of the opinion that under the circumstances of this case no possible prejudice resulted therefrom. All of the evidence was directed to the crime charged, to-wit: Uttering and publishing the instrument. The instructions of the court followed the evidence and directed the jury what facts were necessary to be established to convict the defendant, not of making the instrument, but of uttering and publishing it. The most that can be claimed is that the verdict is informal, in using the word "forgery." The defendant, by the verdict, was found guilty of the crime charged in the indictment. This was the material consideration, and the interpolation of an erroneous designation of the offense ought not to vitiate the verdict, especially when it appears that the minds of the jury were, by the evidence and the instructions, properly directed to the crime charged.

AFFIRMED.